IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| RUBEN ALZAMORA | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:14cv384 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Petitioner Ruben Alzamora, an inmate formerly confined at the Federal Correctional Complex in Beaumont, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Petition

Petitioner brings this petition for writ of habeas corpus contesting the execution of his sentence by the Bureau of Prisons ("BOP"). Petitioner contends he has been denied proper credit toward the completion of his sentence. Specifically, petitioner claims he should be given credit toward his federal sentence for time spent in state custody during the periods from December 15, 1988 through May 14, 1990 and September 18, 1989 to May 13, 1990. Alternatively, petitioner seeks a downward departure on his federal sentence of 14 months pursuant to U.S.S.G. § 5G1.3(b).

Petitioner also alleges his criminal defense attorney was ineffective when he did not request a downward departure from the trial judge on his federal sentence pursuant to U.S.S.G. § 5G1.3.

The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent asserts petitioner is not allowed credit for time spent on loan to federal authorities via a *Writ of Habeas Corpus Ad Prosequendum*. Further, the respondent asserts that petitioner already received the requested credit toward his state sentence, so granting the petition would violate 18 U.S.C. § 3585(b). Finally, the respondent asserts that petitioner's argument concerning counsel should not be considered because petitioner has not met the criteria to support a claim under the

savings clause of § 2255. Accordingly, the respondent contends petitioner's petition should be denied.

## Factual Background

On September 22, 1988, petitioner distributed approximately 456 grams of cocaine hydrochloride. Petitioner was arrested by state authorities in Collier County, Florida on October 7, 1988 for the state offense of trafficking in cocaine, case number 88-1451. Petitioner was released on bond on October 8, 1988.

On December 15, 1988, petitioner was taken into state custody in Collier County, Florida for a violation of his state parole, Warrant Number 783013. Petitioner remained in continuous state custody, and his release on state parole supervision was ultimately terminated. On September 18, 1989, petitioner was sentenced to a term of 12 years' confinement for two counts of trafficking in cocaine in Collier County, Florida, case number 88-1451.

On May 10, 1989, petitioner was transferred to federal custody pursuant to a *Writ of Habeas Corpus Ad Prosequendum* to face the federal drug charges against him. On October 5, 1989, in the United States District Court for the Middle District of Florida, petitioner entered a plea of guilty to distribution of approximately 456 grams of Cocaine Hydrochloride. On May 14, 1990, petitioner was sentenced to a term of 168 months' imprisonment, to run concurrently with his undischarged state sentence. Petitioner was returned to state authorities on June 7, 1990.

Petitioner did not appeal his original conviction and sentence. However, on April 18, 1996, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See Alzamora v. United States*, Civil Action No. 2:96cv138 (M.D. Fla. 1996). The motion was denied by the district court on August 16, 1996. *Id.*

## Analysis

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

*Calculation of Sentence*

Petitioner contends he has been denied proper credit toward the completion of his sentence. Specifically, petitioner claims he should be given credit toward his federal sentence for time spent in state custody during the periods from December 15, 1988 through May 14, 1990 and September 18, 1989 to May 13, 1990.

Title 18 U.S.C. § 3584(a) provides in relevant part the following:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Here, multiple terms of imprisonment were imposed at different times with a notation in the federal judgment that the terms were to run consecutively to each other but concurrently to any state convictions. Thus, petitioner's terms at issue here are to run concurrently.

The calculation of a term of imprisonment is governed by Title 18 U.S.C. § 3585 which provides the following:

> (a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The earliest date a federal sentence can commence is the date on which it is imposed. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); Program Statement 5880.28, <u>Sentence Computation Manual</u>, page 1-21. This is true even if a sentence is to run concurrent with a

previously imposed term. *Id.* (holding "sentence could not be concurrent prior to the date it is pronounced, even if made concurrent with a sentence already being served").

Generally, the sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. *McCarthy v. Warden*, 168 Fed.Appx. 276, 277 (10th Cir.), *cert. denied*, 548 U.S. 914, 126 S.Ct. 2949, 165 L.Ed.2d 968 (2006); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Rowell v. Beeler*, 135 Fed.Appx. 590, 594 n.2 (4th Cir. 2005); *Phillips v. Kaiser*, 47 Fed.Appx. 507, 511 (10th Cir. 2002) (finding that state had primary jurisdiction over petitioner, although he was on supervised release for his federal conviction at the time of his arrest by state authorities); *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980); *Williams v. Taylor*, 327 F.2d 322, 323 (10th Cir. 1964) ("It is well settled that in our two systems of courts, the one which first takes custody of a prisoner in criminal cases is entitled to the custody of the prisoner until final disposition of the proceedings in that court, but during this time the prisoner is not immune from prosecution by the other sovereign."). Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one. Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence. *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586-87 (5th Cir. 1988); *United States v. Wilson*, 916 F.2d 1115, 1118 (6th Cir. 1990). Time spent by a prisoner in federal custody under a writ of habeas corpus *ad prosequendum* is not counted towards the federal sentence if that time was credited toward his state sentence. *See McKinley v. Haro*, 83 F. App'x 591 (5th Cir. 2003) (unpublished); *United States v. Brown,* 753 F.2d 455, 456 (5th Cir. 1985).

In *Willis v. United States*, 438 F.2d 925 (1971), the United States Court of Appeals for the Fifth Circuit recognized an exception to the general rule concerning presentence time credits when an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or

4

less than the full-term date of the federal sentence. *See Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. 2009). "When this exception applies, an inmate is entitled to receive credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins." *Id.*

Here, petitioner was in state custody prior to being sent to federal custody for prosecution and sentencing on a Writ of Habeas Corpus *Ad Prosequendum*. Further, petitioner was returned to state custody following his federal sentencing. Petitioner received jail credit from October 7, 1988 (the date of his state arrest on drug charges) through October 8, 1988 (the date he was released from state custody on bond), and for the period from December 15, 1988 (the date of his state arrest for parole violation) through September 17, 1989 (the day before his 12-year state sentence was imposed in case number 88-1451). The Bureau of Prisons commenced his federal sentence on May 14, 1990, the date it was imposed. Petitioner escaped from federal custody on January 14, 1997, so he also received a 21-month concurrent federal sentence for Escape on June 13, 2013. Petitioner was on escape status from January 15, 1997 (the day after his actual escape) through January 22, 2013 (the last day before he was arrested by the U.S. Marshals Service). Accordingly, this period of time was inoperative based on petitioner's escape.

Section 3585(b) does not allow credit for time petitioner was not in official detention. Further, the Fifth Circuit "has expressly held that a prisoner is not entitled to a credit when there is merely a delay in the execution of one's sentence." *Leggett v. Fleming*, 380 F.3d 232, 235 (5th Cir. 2004). "Where there is no evidence that the governmental authority seeking to enforce the prisoner's sentence has erred, a prisoner should not be allowed to avoid service of that sentence." *Id.* at 235-36. Further, petitioner has already received credit toward his state sentence for time spent in state custody serving his state sentence. Thus, in accordance with 18 U.S.C. § 3585(b), petitioner has been credited with all time to which he is entitled. Accordingly, petitioner's claim should be denied.

*Unlawful Conviction and Sentence*

Finally, while the focus of petitioner's petition appears to be the execution of his sentence, petitioner also asserts two claims challenging the validity of his conviction and sentence. First, as an alternative to his sentencing calculation claim, petitioner contends he should receive a downward departure of 14 months on his federal sentence pursuant to U.S.S.G. § 5G1.3(b). Additionally, petitioner claims he should receive credit toward his federal sentence because his defense attorney did not argue for a reduction pursuant to Section 5G1.3(b) of the Sentencing Guidelines.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver*, 211 F.3d at 877. A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id.* at 877-78. However, there is one exception to this general rule. A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

As petitioner attacks the legality of his conviction and sentence, his claims should be construed as seeking relief pursuant to a motion to vacate, set aside or correct sentence. However, as set forth above, petitioner was convicted in the United States District Court for the Middle District of Florida. Further, petitioner has previously filed a motion to vacate, set aside or correct sentence. Accordingly, this court is without jurisdiction to entertain a motion to vacate without prior permission of the appellate court, which petitioner has not obtained. *See* 28 U.S.C. § 2255(h). Finally, as petitioner's conviction became final in 1990, any attack on the legality of his conviction and sentence is barred by the applicable one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with

6

evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001). A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904.

Here, petitioner's claims do not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*, nor are they based on a retroactively applicable Supreme Court decision that was foreclosed by circuit law at the time he should have raised the claims at trial or on appeal. Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of § 2255. Thus, the petition should be denied and dismissed.

## O R D E R

For the reasons set forth above, petitioner's grounds for relief are without merit. Accordingly, the petition is **DENIED** and **DISMISSED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the 19 day of **September, 2017.**

_____
Thad Heartfield
United States District Judge